# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 7279 | **DATE** | 1/22/2003 |
| **CASE TITLE** | County Municipal Employees' vs. Laborers' Pension Fund | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing held.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendants' motion to dismiss is granted. (6-1) Because Union has not suggested any basis on which it could cure what Giardono expressly labels a lack of subject matter jurisdiction, this action is dismissed as well. At the same time, although perhaps by a narrow margin, Union has escaped Rule 11 sanctions - - Funds' motion on that score is denied. (7-1)

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | JAN 2 3 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 10 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 1/22/2003 | |
| | | | date mailed notice | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

COUNTY, MUNICIPAL EMPLOYEES' )
SUPERVISORS AND FOREMAN'S UNION )
LOCAL NO. 1001, )
)
Plaintiff, )
)
v. ) No. 02 C 7279
)
LABORERS' PENSION FUND, et al., )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Defendant employee benefit funds (collectively "Funds") have moved to dismiss the Complaint brought against them by County, Municipal Employees' Supervisors and Foreman's Union Local No. 1001 ("Union"), which seeks declaratory relief on behalf of certain Union officers under the auspices of ERISA.[1] By a separate motion, Funds also seek sanctions under Fed. R. Civ. P. ("Rule") 11 "for filing a Complaint that is unwarranted under existing law and that has no proper purpose" (Rule 11 Motion at 1). This memorandum opinion and order is issued to address the issues as focused by Funds' motions and by Union's recently-filed response to the dismissal motion.

### Motion To Dismiss

Essentially Union seeks to avoid the literal application of Section 1132(a)(3), as to its designation of the categories of

---

[1] Citations to ERISA will take the form "Section --," using the statutory numbering within Title 29 rather than ERISA's internal section numbering.



plaintiffs who are qualified to bring such ERISA actions, by asserting that the terms "participant" and "fiduciary" (two of the three classes of eligible plaintiffs under Section 1132(a)(3)) should be read broadly enough to embrace Union. That being so, the springboard for discussion must begin with the statutory definitions of those terms in Sections 1002(7) and 1002(21)(A) respectively:

> The term "participant" means any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit.
>
> Except as otherwise provided in subparagraph (B), a person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan. Such term includes any person designated under section 1105(c)(1)(B) of this title.

And here is the ERISA provision (Section 1132(a)(3)) under which Union claims authorization to bring this lawsuit:

> A civil action may be brought --
>
> \*       \*       \*
>
> (3) By a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which

> violates any provision of this subchapter or the
> terms of the plan, or (B) to obtain other
> appropriate equitable relief (i) to redress such
> violations or (ii) to enforce any provisions of
> this subchapter or the terms of the plan.

It is apparent that Union fits neither of those two Section 1002 definitions (either "participant" or "fiduciary") as framed by Congress. But even though such specific statutory definitions of terms used elsewhere in the same statute would normally make those defined words terms of art to be read precisely as written, Union seeks to call upon some limited language in some judicial opinions as seemingly expanding (or perhaps as redefining) what Congress has itself said.

To that end Union points primarily to a brief statement in Int'l Ass'n of Bridge, Structural & Ornamental Iron Workers Local No. 111 v. Douglas, 646 F.2d 1211, 1214 (7th Cir. 1981), where the court said as to a plaintiff union that had brought suit on behalf of its members regarding plan benefits:

> Local 111 has not withdrawn from the Plan but rather
> continues to be a participating Union.

That statement was then followed by the court's quotation of Section 1132(a)(1)(B) (which allows a "participant...to clarify his rights to future benefits under the terms of the plan"), followed in turn by the court's statement that Local 111 was seeking such a clarification of the rights of its members to benefits under the terms of the plan.

But as Horace said in Ars Poetica, line 402:

3

> Homer himself hath been observ'd to nod.

Plainly the fact that a union "continues to be a participating Union" in an employee benefit plan (that is, to negotiate for its members' employers to make plan contributions on their behalf) does not make the *union itself* a "participant" within the scope of Section 1002(7)--by the unambiguous terms of the statute, that category is expressly limited to *individual* participants (in that instance, to the union's members). So that small slice of the *Douglas* opinion, set out in such brief compass without any real analysis, is not the type of actual *holding* to which this Court is required to adhere when the issue is presented squarely (as it was not in that case).[2]

By contrast, when nearly a decade after *Douglas* our Court of Appeals was called on to address an effort of the same type advanced by Union here--an effort to stretch the scope of ERISA actionability beyond the boundaries set by Congress--its answer was an emphatic "No!" In light of Union's present contention, *Giardono v. Jones*, 867 F.2d 409, 413 (7th Cir. 1989) (several citations omitted) is worth quoting at length:

---

[2] From the opinion in *Douglas* it appears clear that the issue that is in dispute here was not really raised there (and hence was not discussed as such). What the parties were quarreling about instead, and what occupied the *Douglas* court's attention, was the existence or nonexistence of a "case or controversy" in an action that sought to clarify the rights of *true* plan participants (the union's members) to future benefits.

4

Earlier this year, we had occasion to note the existence of the split among the courts of appeals as to whether the grant of jurisdiction in §1132(e)(1) is exclusive.....The instant case places the issue squarely before the court. If the grant of jurisdiction is exclusive to the parties enumerated in §1132(e)(1), then the district courts as well as this court lack the subject matter jurisdiction to engage in an analysis of whether standing is to be implied.

It is fundamental that the jurisdiction of the district courts is limited and that the boundaries of the jurisdiction are determined by Congress. Further, the courts should not imply an additional private right of action when a statute already has an elaborate enforcement mechanism.

In Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 21, 103 S.Ct. 2841, 2852, 77 L.Ed.2d 420 (1983), the Court stated:

> The express grant of federal jurisdiction in ERISA is limited to suits brought by certain parties, see infra, [463 U.S.] at 25 [103 S.Ct. at 2854], as to whom Congress presumably determined that a right to enter federal court was necessary to further the statute's purposes.

Further, in Massachusetts Mutual Life Insurance Co. v. Russell, 473 U.S. 134, 146, 105 S.Ct. 3085, 3092, 87 L.Ed.2d 96 (1984), the Court elaborated on congressional intent in the context of ERISA:

> The six carefully integrated civil enforcement provisions found in §502(a) of the statute as finally enacted, however, provide strong evidence that Congress did not intend to authorize other remedies that it simply forgot to incorporate expressly. The assumption of inadvertent omission is rendered especially suspect upon close consideration of ERISA's interlocking, interrelated, and interdependent remedial scheme, which is in turn part of a "comprehensive and reticulated statute." [emphasis in original]

5

> Although in Russell the Court considered whether the
> judiciary may imply a cause of action for extra-
> contractual damages, as opposed to the precise issue at
> bar, it nevertheless made it clear that the statutory
> scheme of ERISA does not lend itself to judicial
> expansion of available remedies. We hold that the
> grant of subject matter jurisdiction in §1132(e)(1) is
> exclusive. The courts are without the power to expand
> their jurisdiction under ERISA in order to imply a
> cause of action for non-enumerated parties.[3]

And importantly for present purposes, that ruling was an express rejection of an employer's effort to take an end run around the limitations imposed by Section 1132--a holding of particular import in this case, where it must be remembered that Union also attempts to sue in its capacity as an employer, not on behalf of its members as such (as was true of the union's effort in Douglas). Hence the brief expression from Douglas, sought to be leaned on by Union, is no better than a weak reed that cannot bear the weight of Union's argument against the far greater adverse force of Giardono.

Next Union seeks to call on the doctrine of representational standing, pointing to the decision in Hunt v. Washington State Apple Adver. Comm'n, 432 U.S. 333, 343 (1977). Again it would seem dubious at best to permit a carefully defined statutory

---

[3] [Footnote by this Court] Funds' memoranda in support of both of their motions cite extensively to other caselaw in other courts to the same effect. But because this Court is of course bound to follow the Seventh Circuit's jurisprudence and because the Giardono precedent is so unequivocal, no useful purpose would be served by larding this opinion with citations to added authority from other courts.

provision to be overridden by a general doctrine as to standing--a doctrine that Congress has not chosen to incorporate in ERISA'S meticulously framed statutory scheme. But Union also calls attention to a footnote dictum in *Communications Workers of Am. v. AT&T*, 40 F.3d 426, 434 n.2 (D.C. Cir. 1994) stating the possibility that, under the circumstances described there, a union would in the future acquire such representational standing to sue on behalf of its members.

That stated potential, however, is also unpersuasive in this case (even apart from the fact and the brevity of the *Communications Workers* dictum). Again more than one consideration undercuts Union's position.

For one thing, even if that brief conclusory dictum were to be elevated to the level of a holding, it would still stand at most for the proposition that a union could have standing to advance the interests of its members. And just as has been said regarding *Douglas*, that notion cannot prevail in the face of *Giardono*'s rejection of any ERISA action under Section 1132 by a plaintiff (such as Union here) that sues qua employer.

Second, even the limited force of the *Communications Workers* footnote is vitiated by the case's actual holding: a decision that the employees involved there had failed to exhaust their administrative remedies and were required to do so, so that the dictum about the union's potential standing could come into play

only after that had taken place in any event. In the present case Funds also assert that ripeness is absent because none of the individual employees involved has exhausted his or her administrative remedies (the same issue posed in <u>Communications Workers</u>). And all Union offers in response is the irrelevancy that <u>it</u> has no administrative remedies that require exhaustion, because <u>it</u> has not filed any claim for benefits, nor has <u>it</u> been denied benefits.

It takes only a moment's thought to see that such an argument turns the notion of exhaustion of administrative remedies on its head: Union claims to be entitled to sue on behalf of its members, yet it somehow views the precondition to its members' ERISA actions on their own behalf--<u>their</u> exhaustion of administrative remedies--as immaterial. But exactly the opposite is true: If Union purports to sue in a representational capacity, its position can be on no better footing than those whom it represents--so if a precondition to their suing has not been met, Union cannot sue either.

In summary, Union's attempt to qualify under the "participant" branch of ERISA, either frontally or through a side entrance, fails on several fronts. And only a few words are needed to torpedo its other effort to invoke ERISA--its attempt to portray itself as an ERISA "fiduciary." On that score Union's relationship to Funds is patently insufficient to render it a

"fiduciary" under the plain terms of Section 1002(21)(A). Hence that last potential string to Union's bow is also broken.

## Rule 11 Motion

With Union's Complaint and this action thus required to be dismissed on jurisdictional grounds, as well as their being subject to a second basis for dismissal if jurisdiction were present, this opinion turns to Funds' motion for sanctions under Rule 11. In the absence of a responsive memorandum from Union's counsel, this Court has been required to consider that contention on its own.

It must be said that Funds' position has force, most particularly in light of what this Court has found to the clear message conveyed by Giardono. Nonetheless, after full consideration this Court has determined that Funds' Rule 11 invitation should be declined. Even though Union's counsel have ultimately been unsuccessful, they were able to assemble some snippets of authority that enabled Union's position to pass muster as nonfrivolous (see Rule 11(b)2)): the statement from the Seventh Circuit's earlier decision in Douglas, the footnote dictum in Communications Workers and some language from other cases cited in its responsive memorandum--from all of which an argument could be cobbled together that passes the straight-face test, though barely.

Accordingly Funds' Rule 11 motion is denied. It must be

said, though, that Union and its counsel ought to breathe a deep sigh of relief on that score.

## Conclusion

Union essentially seeks to rewrite the law, as unambiguously spelled out by Congress, in its effort to bring this action under the rubric of ERISA. It may perhaps be that Union could have some non-ERISA remedy available to it, and it may also be possible that some individuals who are not in this litigation might be able to call upon ERISA to seek relief against Funds. But the present posture of this action is one in which Funds seek the dismissal of Union's Complaint, and for the reasons stated here that motion is granted.

Because Union has not suggested any basis on which it could cure what Giardono expressly labels a lack of subject matter jurisdiction, this action is dismissed as well. At the same time, although perhaps by a narrow margin, Union has escaped Rule 11 sanctions-- Funds' motion on that score is denied.

_____
Milton I. Shadur
Senior United States District Judge

Date: January 22, 2003